IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME K. HOLMES, : CIVIL ACTION NO. 1:CV-00-194_
:
    Petitioner :
:
v. :
:
ROBERT SHANNON, ET AL., : (Judge Rambo)
:
    Respondents :

FILED
HARRISBURG, PA
MAY 30 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

M E M O R A N D U M

### Background

    Jerome Holmes filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 7, 2000. Petitioner is currently confined at Mahanoy in Frackville, Pennsylvania (SCI-Mahanoy). Along with his petition, Holmes submitted the requisite five ($5.00) dollar filing fee for this action. Named as respondents in the petition are Robert Shannon, Superintendent of SCI-Mahanoy, Edward Marsico, Jr., the District Attorney of Dauphin County and D. Michael Fisher, Attorney General of the Commonwealth of Pennsylvania. The record reveals the following:

    . On March 18, 1994, petitioner, a state prisoner, was found guilty by jury trial of Robbery, Conspiracy, and Recklessly Endangering Another Person in the Court of Common Pleas of Dauphin

County. (Doc. No. 1, Petition.)  On March 28, 1994, trial counsel filed "Post Verdict Motions For A New Trial and In Arrest of Judgment," which were denied on May 30, 1994.  (Doc. No. 1, Brief in Support.)

On June 1, 1994, petitioner received a sentence of five (5) to ten (10) years.  (Id.)  Holmes was permitted to remain out on bail until July 1, 1994, when he was to turn himself in to the custody of the Sheriff of Dauphin County.  (Id.)  Petitioner did not turn himself in as required and a bench warrant was issued on October 28, 1994.  (Id.)

On June 30, 1994, appellate counsel filed a direct appeal in the Superior Court of Pennsylvania. Commonwealth v. Holmes, No. 670 Harrisburg 1994.  The appeal was quashed on November 29, 1994 because of petitioner's fugitive status.  (Id.)

On July 28, 1997, Holmes was apprehended.  (Doc. No. 6, Exhibit b.)  Petitioner then filed a motion to reinstate his appeal which was denied on November 17, 1997 at No. 670 Harrisburg 1994. (Id.)  On August 19, 1998, Holmes filed his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. (Id.)  The PCRA court-appointed counsel filed a Turner letter and a

2

motion to withdraw.[1]  (Id.)  The petition was dismissed as untimely filed.  (Id.)

Petitioner appealed the PCRA order to the Superior Court of Pennsylvania at No. 145 MDA 99.  On September 2, 1999, the Superior Court affirmed the order by the Court of Common Pleas.  Petitioner filed an "Application For Reargument" on September 23, 1999 with the Superior Court.  (Doc. No. 1, Brief in Support.)  The application was denied on October 18, 1999.  (Id.)

On November 8, 1999, Holmes filed a petition for allowance of appeal in the Supreme Court of Pennsylvania.  No. 1186 M.D. Allocatur Docket 1999.  The petition was dismissed on April 4, 2000.  (Id.)

On November 7, 2000, Holmes filed the instant petition.  In his petition, Holmes contends he has exhausted his state remedies.  Petitioner raises three (3) grounds for habeas relief:  (1) the admission of the in-courtroom testimony of two witnesses violated his constitutional rights; (2) the evidence did not prove his guilt beyond a reasonable doubt; and (3) ineffective assistance of

---

[1] This was filed pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

3

counsel by refusing to request a "no adverse inference instruction." (Id.)

Respondent contends that Holmes' petition for writ of habeas corpus is procedurally barred under Pennsylvania law and, therefore, should be dismissed. For the reasons discussed more fully below, the court finds that Petitioner has defaulted his federal claims by failing to file a timely direct appeal and petition under the PCRA, and his petition for writ of habeas corpus will be dismissed.

## Discussion

Under Coleman, federal court review is barred "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule . . . unless the prisoner can demonstrate cause for the fault and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S Ct. 2546, 2565 (1991). Thus, even though a prisoner may have exhausted his federal claims in the state court without obtaining a decision on the merits, he may be unable to obtain a decision on the merits in the federal courts. Cabrera v. Barbo, 175 F.3d 307,

4

312-313 (3d Cir. 1999). Consequently, Holmes must establish compliance with one of the Coleman principles prior to obtaining federal habeas review.

To prevail under Coleman, a federal habeas petitioner must show that his failure to comply with state procedural rules was not attributable to him. Rinaldi v. Gillis, 2000 WL 298296 (E.D. Pa. 2000) citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Coleman, 501 U.S. at 753; Cabrera, 175 F.3d at 311. Federal courts insist on a showing that an influence external to petitioner caused his failure to comply with the state court procedural rule. See Murray, 477 U.S. at 488; Coleman 501 U.S. at 753; Cabrera 175 F.3d at 311. For example, a petitioner may demonstrate cause by showing that the government created an impediment to his ability to comply with the rule, or by showing that the legal or factual basis for his claim was unavailable previously. Murray, 477 U.S. at 488. It will not suffice for a plaintiff to demonstrate inadvertence or ignorance. Id.

Based on a review of the record, Holmes has failed to allege an external impediment which prevented him from presenting a direct appeal or timely presenting his petition under the PCRA. In fact, Holmes' counsel timely filed a direct appeal on his behalf.

5

Holmes' untimeliness was the direct result of his being a fugitive for three years. No external impediment existed which prevented Holmes from taking some type of action on his direct appeal or PCRA petition. This court finds that Holmes has failed to establish cause for the procedural default of his direct appeal and his PCRA petition.

Petitioner contends that, although he is time barred in state court, "colorable claims of 'actual innocence' can be developed in the United States District Court." (Doc. No. 1, p. 14.) Holmes contends that failure of this Court to consider his claims will result in a fundamental miscarriage of justice, the second principle under Coleman.

As indicated in Schlup v. Delo, 513 U.S. 298, 317 (1995), the fundamental miscarriage of justice attempts to accommodate societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the truly compelling case. To advance a miscarriage of justice argument, Holmes must present new reliable evidence that supports a claim of actual innocence. Id.

Holmes also fails to demonstrate that there would be a miscarriage of justice in denying this petition. Holmes does not present *new* reliable evidence that support a claim of actual

innocence. The facts presented by Holmes which he claims support his argument that he is innocent have been available to him throughout his legal proceedings including the preliminary hearing and trial.[2]

Since petitioner has failed to establish cause for the procedural default of all his federal claims and failed to establish that a miscarriage of justice would occur, his petition for federal habeas corpus relief will be dismissed. An appropriate order is attached.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: May 30, 2001.

---

[2] Holmes bases his claim of actual innocence on three factors. First, he states that two witnesses, the victim and his girlfriend, were allowed to testify at his trial after a "suggestive pretrial confrontation" which "surely led to (the) misidentification of petitioner." Second, Holmes argues that the evidence presented at trial was insufficient to establish the verdict of guilty. Finally, Holmes states that trial counsel's failure to ask for the inference instruction resulted in ineffective assistance of counsel. (Doc. No. 1, Petition.)

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 30, 2001

Re: 1:00-cv-01942    Holmes v. Shannon

True and correct copies of the attached were mailed by the clerk to the following:

        Jerome K. Holmes
        SCI-MAHANOY
        DJ-3328
        Mahanoy State Correctional Inst.
        301 Morea Rd.
        Frackville, PA  17931

        James P. Barker, Esq.
        Dauphin County Courthouse
        Deputy District Attorney
        Front and Market Streets
        Harrisburg, PA  17101

```
cc:
Judge                        (X )              (X ) Pro Se Law Clerk
Magistrate Judge             (  )              (  ) INS
U.S. Marshal                 (  )              (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Federal Public Defender      (  )
Summons Issued               (  )  with N/C attached to complt. and served by:
                                        U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5          (  )
Order to Show Cause          (  )  with Petition attached & mailed certified mail
                                        to:  US Atty Gen  (  )    PA Atty Gen (  )
                                             DA of County (  )    Respondents (  )
Bankruptcy Court             (  )
Other_____   (  )
```

                                          MARY E. D'ANDREA, Clerk

DATE: May 30th, 2001                          BY: _____
                                                   Deputy Clerk